In re Carlo P. ROPPOLO, Jr., Debtor.

D. Creig BRIGNAC, Power Rig Drilling Company, Inc., and Pioneer Pipe and Supply, Inc., Individually, and on Behalf of the Debtor–In–Possession and any Trustee, Plaintiffs,

v.

ROPPOLO PETROLEUM, Roppolo Petroleum Company, Hurley Petroleum Corporation, H. Williamson, Jr., William L. Hawkins, Carlo P. Roppolo, Jr., d/b/a Roppolo Petroleum Company, and Carlo P. Roppolo, Jr., Defendants,

v.

D. Creig BRIGNAC, Sr., Power Rig Drilling Co., Inc., Baker Littlefield, and Oryx Energy Company, Third–Party Defendants.

Bankruptcy No. 89–BK–00692.
Adv. No. 89–50029.

United States Bankruptcy Court,
W.D. Louisiana,
Lafayette–Opelousas Division.

Jan. 4, 1990.

Victor A. Sachse, III, Stephen F. Chiccarelli, Baton Rouge, La., J. Patrick Hennessy, Shreveport, La., for Hurley Petroleum Co. and H. Williamson.

John A. Mouton, Lafayette, La., for Pioneer Pipe and Supply, Inc.

Joseph A. Hebert, Patrick W. Gray, Lafayette, La., for Oryx Energy Co.

James J. Davidson, III, Lafayette, La., for Power Rig Drilling Co., Inc.

Jeffrey Ackermann, Lafayette, La., for D. Creig Brignac.

Edwin L. Edwards, Stephen Edwards, for William L. Hawkins.

Barry W. Miller, for Carlo P. Roppolo, Jr.

Hugh Thistlethwaite, Jr., Opelousas, La., Trustee.

## MEMORANDUM AND SECOND AMENDED ORDER FOR PRE-TRIAL CONFERENCE, LIMITING TIME FOR COMPLETION OF DISCOVERY AND SCHEDULING JURY TRIAL[1]

W. DONALD BOE, Jr., Bankruptcy Judge.

After telephone status conference with attorneys for all parties on October 27, 1989, this Court entered an Order for Pretrial Conference, Limiting Time for Completion of Discovery and Scheduling Jury Trial. I had advised plaintiffs during the status conference that defendants clearly had a right to a jury trial if defendants were not pursuing any claims against the debtor's estate. The order included provisions requiring any party objecting to jury trial in the Bankruptcy Court to file and serve an objection upon all counsel, accompanied by legal memorandum in support of its position. The order likewise provided for an opportunity to file memoranda in opposition. Additionally, the order required any defendant desiring a jury trial to file and serve a memorandum in writing to show why the Court should not, under *Granfinanciera, S.A. v. Nordberg,* ––– U.S. –––, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989), issue an order precluding the defendants from asserting any claims against the bankruptcy estate and from participating in any distribution from the bankruptcy estate.[2] This was required of defendants because of Justice Brennan's majority opinion in *Granfinanciera* that appears to have confined the jury trial right "to a person who has not submitted a claim against the bankruptcy estate...." *Id.* at 2787. If this is a proper reading of *Granfinanciera,* and if defendants seek to pursue claims against the estate, there is no right to trial by jury and no need to determine whether it can be conducted in the bankruptcy court.

Defendants Hurley Petroleum and H. Williamson, Jr. by motion filed November 1, 1989, sought an extension of time until November 20, 1989 to file their objection and legal memorandum addressing *Granfinanciera* issues. In view of the need for adequate briefing of important issues raised by *Granfinanciera,* this Court on November 7, 1989, modified its Order for Pretrial Conference to require defendants' submissions by November 27, 1989, and memoranda in opposition by December 26, 1989.

None of the pleadings required from defendants by November 27 have ever been

---

1. "Defendants", as used everywhere in this document and ordering paragraphs (with the exception of the first paragraph of memorandum text which begins above) means only those defendants that have requested jury trial: Hurley Petroleum Corporation, H. Williamson, Jr., and William L. Hawkins.

2. Although the order also required formal requests for jury trial, the Court is now satisfied that the requests accompanying the answers of Hurley Petroleum Corporation, H. Williamson, Jr., and William L. Hawkins to the complaint comply with Rule 38(b) of the Federal Rules of Civil Procedure.

filed, leaving this adversary proceeding in limbo. Defendants on November 27 did file a Motion for Withdrawal of Reference by the District Court. Under Bankruptcy Rule 5011(c), this motion did not effect any stay in the November 27 procedural deadline for defendants. However, defendants also filed a Motion to Stay Proceedings which this judge became aware of only two days ago, since the Clerk's office maintained this motion in a "hearing bucket" separately from the case and adversary files.

Yesterday, at a hearing on the Motion to Stay Proceedings, Mr. Stephen Chicarelli appeared for defendants. No attorney appeared for plaintiffs. The motion contends that a stay is needed to reduce costs, time, and resources in determining the issues raised by defendants' request for jury trial. The motion claims there is a spectre of a jury trial in the bankruptcy court and then a second in the district court because of alleged *de novo* review under 28 U.S.C. Sec. 157.

This Court disagrees. Fraudulent conveyance matters like those involved in the present case are specifically recognized as "core" in *Granfinanciera*, 109 S.Ct. at 2787. Congressional intent that these matters be handled in the bankruptcy courts appears in 28 U.S.C. Sec. 157(b)(2)(H) where fraudulent conveyance proceedings are specifically set forth as core. Under 28 U.S.C. Sec. 157(b)(1), core proceedings can be heard and determined in the bankruptcy court. By contrast, non-core proceedings can be heard and determined in the bankruptcy court only with the consent of all parties. Absent such consent, non-core matters cannot be determined in the bankruptcy court but are only heard there, with objections to proposed findings of fact and conclusions of law subject to *de novo* review by the District Court.

Defendants' counsel complains in oral argument that briefing of *Granfinanciera* issues for the bankruptcy court would be burdensome because these issues are also briefed for the District Court in connection with the Motion for Withdrawal of Reference. The issues already briefed for the District Court can also be briefed more fully for the bankruptcy court. Since the memorandum in support of the Motion for Withdrawal of Reference has already been submitted to the District Court, defendants' task in complying with the deadline set forth below should be very manageable.

Relative to briefing this Court on *Granfinanciera* issues, attached for the convenience of all parties are a copy of District Judge Howard Sachs' December 1989 opinion in *Kroh Brothers Development Co. v. United Missouri Bank of Kansas City*, 108 B.R. 228 (W.D.Mo.) allowing jury trial in the bankruptcy court to proceed on preferential transfer issues in the wake. of *Granfinanciera*, and a related opinion by Bankruptcy Judge Karen See in the same proceeding.

Neither defendants' Motion for Withdrawal nor the memorandum in support of that motion mention whether defendants intend to pursue any claim against the bankruptcy estate. The omission of any reference to this threshold issue in pleadings directed to the attention of the District Court is very puzzling. As noted above, Mr. Justice Brennan in his opinion for the majority in *Granfinanciera* appears to have confined the holding in that case to situations where the defendant has no claim against the bankruptcy estate. Because of uncertainty regarding whether jury-trial-seeking-defendants would pursue claims against the bankruptcy estate, this Court's order of November 7, 1989, contained the following requirement.

"Any defendant that desires a jury trial may, but no later than November 27, 1989, file and serve upon all counsel a memorandum to show in writing why, under *Granfinanciera, S.A. v. Nordberg*, [—— U.S. ——], 109 S.Ct. 2782 [106 L.Ed.2d 26] (1989), the Court should not issue an order precluding the defendants from asserting any claims against the bankruptcy estate and from participating in any distribution from the bankruptcy estate."

The need for this requirement was explained to all counsel during the telephone status conference of October 27, 1989.

At yesterday's hearing, I asked defendants' counsel whether defendants would be pursuing any claim against the estate. The answer given was essentially that the defendants did not know because they had insufficient information. This answer is unconvincing. The case commenced as an involuntary Chapter 7 filed on March 20, 1989, followed by an order for relief on May 11, 1989. The complaint in this adversary proceeding was filed on June 8, 1989 and was served during that month on each of the defendants. Further failures to comply with scheduling orders issued under Rule 16(b) of the Federal Rules of Civil Procedure will be met with sanctions as provided in Rule 16(f).

Due dates for briefing *Granfinanciera* issues will be adjusted as set forth below. In all other respects, defendants Motion to Stay Proceedings be, and it hereby is, DENIED. The times set for the pretrial conference and the trial will not be changed. Defendants' counsel at oral argument indicated his clients were not requesting any stay of discovery, and the discovery cut-off date will not be changed.

ACCORDINGLY, IT IS ORDERED:

1. (A) The parties are directed to conduct discovery so that the due date of any discovery requested shall not be later than February 27, 1990. This Court will not monitor discovery disputes after that date.

(B)(1) Any party that objects to conduct of jury trial by a non-Article III judge (i.e., the bankruptcy judge) must by no later than January 26, 1990, file and serve its objection upon all counsel and Trustee H.W. Thistlethwaite, Jr., accompanied with a legal memorandum in support of its position. Absent full compliance with this requirement, the bankruptcy judge rather than a jury will be the trier of facts.

(2) Defendants shall, and no later than November 27, 1989, file and serve upon all counsel and Trustee H.W. Thistlethwaite, Jr. a memorandum to show in writing why, under *Granfinanciera, S.A. v. Nordberg*, — U.S. —, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989), the Court should not issue an order precluding defendants from asserting any claims against the bankruptcy estate and from participating in any distribution from the bankruptcy estate. Failure to timely file or serve this memorandum will result in conversion of the scheduled jury trial to a bench trial.

(3) Plaintiff(s) shall and any cross-defendant may file and serve on all counsel and Trustee H.W. Thistlethwaite, Jr. responding legal memoranda, and by no later than February 16, 1990. No further memoranda from any party will be allowed. There will be no oral hearing. All parties should accordingly devote their best efforts to briefing

(C) Motions to add additional parties or for summary judgment on the merits shall be filed at least thirty (30) days prior to the date of pretrial conference.

2. A Pretrial Conference will be held before the undersigned in the Federal Building at Opelousas, Louisiana on March 30, 1990 at 9:00 A.M.

3. This adversary proceeding is set for trial in Opelousas, Louisiana beginning April 16, 1990, at 9:00 A.M. The maximum time allotted for this trial is until 4:30 P.M. on April 20, 1990.

4. The attorneys for all parties shall meet together by agreement, instigated by counsel for plaintiff, at least *ten (10) days before* the trial date of the Pretrial Conference to:

(1) discuss settlement;

(2) stipulate to as many facts and issues as possible;

(3) discuss stipulating to joint use of independent accountant or other expert witness, as distinguished from separate witnesses for each side;

(4) *exchange and examine* all exhibits and documents and other tangible evidence to be used at the trial;

(5) furnish opposing counsel the names and addresses of all witnesses, together with a brief statement of what it is expected each witness will testify;

(6) prepare Pretrial Stipulations in accordance with this order; and

(7) complete all other matters which may expedite pretrial and trial of this case.

5. No later than *five (5) days* before the date of the *Pretrial Conference,* the parties shall file with the Court the *Pretrial Stipulations* which shall be *one document* containing:

(1) the basis of jurisdiction;

(2) a statement of the date, time and location of the meeting required by paragraph 4 of this Order;

(3) a concise statement (joint, if possible) of the nature of the action;

(4) a brief statement of each party's case or contentions;

(5) a brief *joint statement* explaining the settlement efforts of the parties, including consideration given to collectibility, expense minimization, attorney fees, litigation uncertainties, and impact of an adverse outcome in court;

(6) a *joint statement* of those facts that are admitted and will require no proof at trial, together with any reservations directed to such admissions;

(7) a *joint statement* of those issues of law on which there is agreement;

(8) a concise statement (joint, if possible) of those issues of fact that remain to be litigated.

(9) a concise statement (joint, if possible) of those issues of law that remain for determination by the Court;

(10) a list (joint, if possible) of all motions or other matters that require action by the Court;

(11) a list *clearly identifying* all exhibits to be offered at trial with notation of all objections thereto (exhibits not objected to will stand as admitted into evidence);

(12) a list of all witnesses who *may* be called at the trial and those witnesses who *will* be called at trial, *and a brief statement of what it is expected each witness will testify;*

(13) a list of depositions to be used at trial for purposes other than potential impeachment with indication of specific pages and lines proposed to be published to the trier of facts;

(14) all proposed jury instructions;

(15) the signature of counsel for all parties;

6. No later than *ten* (10) calendar days before the date set for trial, each party shall submit to the Clerk of the Bankruptcy Court, to the Bankruptcy Judge's law clerk, and to all other counsel, a *trial brief of fact and law* on disputed issues, *and a Benchbook containing tabbed copies of all exhibits.* Exhibits shall be pre-numbered and show the date of trial on the exhibit label.

7. When hereafter requested by the Court, counsel for each party shall also submit to the Clerk of the Bankruptcy Court, the Bankruptcy Judge's law clerk, and other counsel, proposed written findings of fact and conclusions of law.

8. In the event the date for Pretrial Conference or Trial is continued or otherwise modified, the remaining provisions of this Order shall remain in full force and effect.

9. Each party shall be represented at all the meetings herein provided for by an attorney who will participate in the trial and who is vested with full authority to make admissions and disclosures of facts and to bind his clients by agreements with respect to all pretrial and trial matters.

10. Failure to prepare adequately for the Pretrial Conference, or to comply with the requirements of this Order, or file timely Pretrial Stipulations, or to appear at the Pretrial Conference, may result in dismissal of the action, default, compensatory sanctions, contempt sanctions, or other appropriate penalties.

11. This document shall be served by the Clerk's office upon all counsel of record and Trustee H.W. Thistlethwaite, Jr.